UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN R. DAVIS, <br><br> Plaintiff, <br> v. <br> UNITEL VOICE, LLC, et al., <br><br> Defendants. | Case No. 2:18-cv-00673-JCM-PAL <br><br> **ORDER** <br><br> (Mot. Am. Compl. – ECF No. 9) |

This matter is before the court on Plaintiff Steven R. Davis' Motion for Leave to File Amended Complaint (ECF No. 9). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

"Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc)). The court has discretion to grant leave and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit recently reaffirmed the factors the Supreme Court set forth as the appropriate framework for the district courts to consider in deciding whether to dismiss with prejudice or to allow leave to amend:

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'

*Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Furthermore, a district court should

1

allow a plaintiff at least one opportunity to amend a complaint before determining that amendment is futile. *Sharkey*, 778 F.3d at 774.

Here, the motion indicates that the changes in the proposed amended complaint are entirely non-substantive and merely substitute CenturyLink, Inc. as the successor in interest to the liabilities of Level 3 Communications, LLC. Plaintiff also requests an extension of time to complete service of process. No appearing party has opposed the motion, and the deadline to do so has now expired. None of the *Foman* factors are present here, and the amendment will not prejudice any party.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Steven R. Davis' Motion for Leave to File Amended Complaint (ECF No. 9) is **GRANTED**.

2. The Clerk of the Court is instructed to FILE the proposed Amended First Complaint (ECF No. 9-1).

3. The deadline to accomplish service is extended until **October 8, 2018**.

Dated this 21st day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2