**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| STEVEN R. DAVIS, | Case No. 2:18-cv-00673-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER &** <br> **REPORT AND RECOMMENDATION** |
| UNITEL VOICE, LLC, L3 COMMUNICATIONS, LLC, SOMOS, INC, and CENTURY LINK, INC. | |
| Defendant. | |

Presently before the Court is plaintiff Steven R. Davis's motion for leave to file second amended complaint ("SAC") (ECF No. 72). For the following reasons, the Court will grant Davis's motion in part and recommend to the district judge that he deny Davis's motion in part.

## I. BACKGROUND

### A. Procedural history.

Davis filed his original complaint on April 27, 2018. (ECF No. 4.) He alleged defendants engaged in illegal, unjust, and unreasonable business practices in violation of the Federal Communications Act ("FCA") and its accompanying regulations. (*Id.*) Judge Leen granted Davis leave to file a First Amended Complaint ("FAC') (ECF No. 23), and Davis filed one on August 21, 2018 (ECF No. 24).

Unitel Voice, LLC ("Unitel"), CenturyLink, Inc. ("CenturyLink"), and Somos, Inc. ("Somos") each separately moved to dismiss the FAC and argued that the Court lacked personal jurisdiction. (ECF Nos. 26, 43 and 63.) The district judge granted Unitel's and Somos's motions and dismissed Davis's claims against them with prejudice. (ECF No. 76 at 10.) The district judge likewise granted CenturyLink's motion to dismiss but did not specify whether the dismissal

was with or without prejudice. (ECF No. 78 at 9.) Davis moved the district judge to reconsider his orders dismissing defendants, and those motions remain pending. (ECF Nos. 80 and 85.)

Davis moved to file a SAC on July 31, 2019.[1] (ECF No. 72.) In the proposed SAC, Davis seeks to add Level 3 Communications, LLC ("Level 3") and Telecom Management Group, Inc. ("TMG") as defendants in this action. (ECF No. 72 at 1–2.) Davis's original complaint asserted claims against Level 3, but his FAC omitted that defendant. (*Compare* ECF No. 4, *with* ECF No. 24.) Notably, the allegations in Davis's proposed SAC largely reflect the allegations in his FAC, except that the proposed SAC contains additional factual allegations regarding the relationship between Unitel and TMG. (*See* ECF No. 73, Att. 1 at 13–15.) CenturyLink opposed Davis's motion on August 14, 2019, (ECF No. 75) and Davis filed a response on September 4, 2019 (ECF No. 81).

### B. Factual allegations.

According to the proposed SAC, Somos is a non-profit corporation that is authorized by the FCC to administer a database containing all toll-free numbers in the North American Numbering Plan. (ECF No. 73, Att. 1 at 4–5). These toll-free numbers include vanity toll-free numbers ("VTFNs"), which contain a series of numbers that "spell" a word or phrase or that contain an easily remembered numerical sequence. (*Id.* at 6.) The FCC, Davis claims, certifies Responsible Organizations ("RespOrgs") to search for and reserve all toll-free numbers contained in the database. (*Id.* at 5.)

Davis alleges that Unitel advertised itself as a RespOrg. (*Id.* at 7.) Davis claims that Unitel reserved and administered several thousand VTFNs on his behalf. (*Id.* at 7–8.) Davis further claims that it was not until after he filed his original complaint that he learned that Unitel was not a RespOrg. (*Id.* at 7.) Instead, Davis's phone numbers were supposedly being serviced by TMG, a duly certified RespOrg that has some association with Unitel. (*Id.* at 7.)

---

[1] Davis filed his motion for leave to file a SAC while he awaited Judge Mahan's rulings on defendants' motions to dismiss the FAC.

Davis experienced a billing dispute with Unitel. (*Id.* at 7–13.) In response to this billing dispute, Davis alleges, Unitel and TMG released a group of Davis's VTFNs back into the FCC database. (*Id.* at 13, 16.) Davis asserts that the release of his phone numbers into the database made them available for acquisition by other RespOrgs. (*Id.* at 13, 16.)

Unitel and TMG supposedly shared information about the released numbers with Level 3 and Century Link. (*Id.* at 16.) Level 3—a Colorado corporation with its principal place of business in Colorado—allegedly used this information to reserve thousands of VTFNs that Unitel and TMG were administering for Davis. (*Id.* at 2, 16.) According to Davis, defendants' actions—including the management, release, and re-acquisition of his VTFNs—violated the Federal Communications Act and its accompanying regulations.

## II.   LEGAL STANDARD.

Rule 15 provides that a party can "amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation omitted). The Court has broad discretion to decide whether to grant leave to file an amended pleading, and it "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.3d 1149, 1160 (9th Cir. 1989).

The Court must exercise its discretion in accordance with the underlying purpose of Rule 15, which is "to facilitate decision[s] on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 186) (citation omitted). To that end, the Court may deny leave to amend if: (1) the amendment will cause undue delay; (2) the amendment will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

/ / /

/ / /

/ / /

### III. DISCUSSION.

#### A. Amendment as to Unitel and Somos.

The Court will recommend that the district judge deny Davis's motion to amend its claims against Unitel and Somos. The district judge found, in his order dismissing Davis's FAC, that he lacked personal jurisdiction over both Unitel and Somos. (ECF No. 74.) Because he lacked jurisdiction, the district judge dismissed Davis's claims against Unitel and Somos with prejudice. (ECF No. 74.)

A dismissal with prejudice bars refiling of the same claim in the same court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). This rule applies so long as the judgment on the merits remains operative. *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("[t]he plaintiff is precluded from bringing another action for the same cause when the dismissal of his action with prejudice stands.") (citation and quotation omitted).

Here, Davis's proposed SAC asserts the same causes of action against Unitel and Somos that the district judge dismissed with prejudice from Davis's FAC. (ECF No. 73, Att. 1; ECF No. 74.) The Court is cognizant that Davis has moved the district judge to reconsider his orders dismissing Unitel and Somos. (ECF No. 80.) However, the district judge's order remains operative and Davis is, under *In re Marino*, precluded from asserting those same claims in this Court.

#### B. Amendment as to CenturyLink.

##### 1. Involuntary dismissal under Rule 41.

The district judge dismissed Davis's claims against CenturyLink for lack of personal jurisdiction but he did not specify whether the dismissal was with or without prejudice. (ECF No. 78 at 9.) Rule 41 provides a default position for when a court does not specify whether a dismissal is with or without prejudice. *See* Fed. R. Civ. P. 41. The default position turns on the basis for the dismissal. *Id.*

"Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P.

1  41(b).² The Supreme Court has made clear that the phrase "adjudication on the merits" is
2  synonymous with "dismissal with prejudice." *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531
3  U.S. 497, 505 (2001) (quoting 18 Wright & Miller § 4435, at 329 n.4).

4     Here, Rule 41 provides that the default position for the district judge's order dismissing
5  CenturyLink is "without prejudice." Although "with prejudice" is the default position for a broad
6  category of dismissals under Rule 41, The district judge's order comes within the rule's
7  exceptions because his dismissal was for lack of jurisdiction. (ECF No. 78 at 5, 9.) Therefore,
8  the Court must determine whether Davis may amend his claims against CenturyLink under Rule
9  15.

10     **2.    The proposed SAC.**

11     Based on the law of the case doctrine, the Court will recommend that the district judge
12  deny Davis's motion to amend his claims against CenturyLink. Under the law of the case
13  doctrine, "a court is generally precluded from reconsidering an issue that has already been
14  decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d
15  152, 154 (9th Cir. 1993). The doctrine ensures judicial consistency and prevents repetitive
16  consideration of issues that have already been decided in a single, continuous matter. *Pit River
17  Home and Agr. Co-op. Ass'n v. U.S.*, 30 F.3d 1088, 1097 (9th Cir. 1994) (citing 18 Wright, Miller
18  & Cooper, Federal Practice and Procedure: Jurisdiction § 4478 at 791–92 (1981 & Supp. 1992)).
19  For the doctrine to apply, the issue in question must have been decided either expressly or by
20  necessary implication. *Id.* at 154.

21     The law of the case doctrine is discretionary and can be raised sua sponte. *Id.* at 155; *In re
22  Morris*, BAP No. SC-11-1240-KIMKH, 2011 WL 7145881, *7 (Bankr. 9th Cir. Dec. 23, 2011)
23  (citing *United States v. Wallace*, 573 F.3d 82, 90 n.6 (1st Cir. 2009)). That discretion, however,
24  is limited. *U.S. v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010). A court's prior decision must
25  control unless: (1) the decision is clearly erroneous; (2) there exists intervening controlling

---

²     Subdivision (b) addresses dismissal for failure to prosecute and failure to comply with the Federal Rules or a court order. FED. R. CIV. P. 41(b).

1   authority that makes reconsideration appropriate; (3) there exists substantially different evidence;
2   (4) "other changed circumstances"; or (5) manifest injustice would result were the prior ruling
3   permitted to stand. *Id.*; *United States v. Real Prop. Located at Incline Village*, 976 F. Supp. 1327
4   (D. Nev. 1997).
5       The Ninth Circuit's decision in *United States v. Alexander* is instructive. There, Judge
6   Walker granted a motion to suppress a confession, and the case was subsequently transferred to
7   Judge Conti for trial. *United States v. Alexander*, 106 F.3d 874, 875 (9th Cir. 1997). The
8   government, then, moved Judge Conti to reconsider Judge Walker's order suppressing the
9   confession, and Judge Conti denied the motion under the law of the case doctrine. *Id.* at 876.
10  Following a mistrial, however, the government again moved Judge Conti to reconsider Judge
11  Walker's order. *Id.* at 876. Judge Conti granted the motion, held a suppression hearing,
12  overruled Judge Walker's previous order, and allowed the confession to be used at a second trial.
13  *Id.* at 876.
14      The Ninth Circuit reversed Judge Conti's order granting reconsideration. *Id.* at 878. It
15  found that the mistrial did not fall into any of the five exceptions that allow a court to depart from
16  the law of the case doctrine. *Id.* In the absence of an exception, it was an abuse of discretion to
17  grant the government's motion to reconsider Judge Walker's order. *Id.*
18      Here, CenturyLink argues that the Court should deny Davis's motion for leave to file the
19  proposed SAC because amendment would be futile given that the Court lacks personal
20  jurisdiction over CenturyLink. (ECF No. 75.) In response, Davis asserts that if the Court grants
21  leave to amend, there is a likelihood that the jurisdictional defects can be cured. (ECF No. 81 at
22  4–5.)
23      A close review of the allegations in Davis's proposed SAC reveals that it largely reiterates
24  the factual allegations already reviewed by the district judge in the FAC without offering any new
25  relevant information.[3] (*Compare* ECF No. 73, Att. 1, *with* ECF No. 24.) The district judge

---

[3] The only notable differences are a series of allegations that relate to the relationship between Unitel and TMI. (ECF No. 73, Att. 1 at 13–15.) However, these allegations do not bear on whether the Court has personal jurisdiction over CenturyLink.

explicitly found that, based on Davis's allegations, Davis did not meet his burden of establishing a prima facie case for personal jurisdiction over CenturyLink. (ECF No. 78.) Therefore, the district judge's order triggers the law of the case doctrine on the issue of whether the Court has personal jurisdiction over CenturyLink.

Further, none of the five exceptions to the law of the case doctrine are applicable here. Thus, to ensure judicial consistency and avoid repetitive consideration of issues resolved by the district judge, this Court will not, pursuant to *Alexander*, revisit the issue of personal jurisdiction based on allegations that the district judge already reviewed.

The Court acknowledges that when Davis filed his motion to file a SAC, he did not have the benefit of the district judge's order analyzing personal jurisdiction over CenturyLink. And although the policy in favor of granting leave to amend must be applied "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), the Court finds that the proposed amendment would be futile. Davis asserted—following the district judge's order on personal jurisdiction—that "[t]he substance of the amendments speak to jurisdictional issues" and that "there is a likelihood that some if not all" of the jurisdictional defects can be cured. (ECF No. 86 at 2; ECF No. 81 at 5.) But the Court's close review of the allegations in the FAC and the proposed SAC makes clear that this is not correct . Davis has not offered new allegations that bear on this Court's personal jurisdiction over CenturyLink. Instead, Davis's proposed amendments are futile because "no set of facts can be proved under the amendment[s] . . . that would" establish personal jurisdiction over CenturyLink. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017). Therefore, the Court will recommend that the district judge deny with prejudice Davis's motion to amend his claims against CenturyLink.

    **C.**    **Amendment as to Level 3 and TMG.**

        **1.**    **Amendment under Rule 15(a).**

Davis seeks to amend his complaint to add Level 3 and TMG to this action. He asserts that TMG is an entity distinct from Unitel. (ECF No. 73 at 7.) Davis also asserts that Level 3 is an entity distinct from CenturyLink and that it is therefore responsible for its own liability to Davis. (*Id.* at 1.)

The Court will grant Davis's motion to amend his complaint to the extent that he seeks to add Level 3 and TMG to this action. None of the five *Forman* factors[4] mandate the denial of Davis's motion to amend. Prejudice is the touchstone of the Rule 15 analysis, and it has been found when discovery has closed or when amendment is sought several months after the court has dismissed a party's claims. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991). Here, however, this matter has not advanced beyond the pleading stage and discovery has not begun. Therefore, the Court finds that Davis's amendment would not cause undue prejudice.

"Absent prejudice, or a strong showing of any of the remaining *Forman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). Here, the Court has already found that adding Level 3 and TMG to this action will not cause undue prejudice, and it further finds that, in light of the nascent nature of these proceedings, none of the remaining *Forman* factors rebut the presumption in favor of amendment.

The Court is cognizant that CenturyLink has advanced, on behalf of Level 3, futility arguments opposing Davis's proposed amendments. However, denial of leave to amend based on futility "is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). And the Ninth Circuit has said that courts ordinarily do not consider the validity of the proposed amendment in deciding whether to grant leave to amend. *Breier v. Northern Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *accord Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Further, "[d]eferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that

---

[4] As discussed above, the *Forman* factors guide the court's discretion regarding whether to grant leave to amend a complaint. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The Court may deny leave to amend if: (1) the amendment will cause undue delay; (2) the amendment will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Id.*

the parties' arguments are better developed through a motion to dismiss." *Babbitt v. Nielsen*, No. 2:18-cv-02076-RFB-NJK, 2019 WL 918986, at *2 (D. Nev. Feb. 25, 2019) (citation omitted).

Unlike the Court's recommendation that the district judge disallow Davis from amending his claims against CenturyLink based on his inability to cure jurisdictional defects, the Court is unable to arrive at the same conclusion regarding Davis's allegations against Level 3 and TMG. The allegations against CenturyLink are at a different posture than those against Level 3 and TMG because the district judge has already ruled on the sufficiency of Davis's jurisdictional allegations against CenturyLink. That ruling is entitled to deference under the law of the case doctrine. Conversely, the allegations against Level 3 and TMG do not implicate the law of the case doctrine and they are, therefore, entitled to the more liberal standards set forth in *Babbitt*. *See Babbitt*, 2019 WL 918986, at *2.

Upon review of the proposed SAC, the Court finds that amendments relating to Level 3 and TMG are, at this stage, not clearly futile. Therefore, the Court will order that Davis can amend his complaint to include Level 3 and TMG as defendants. Davis is instructed that the burden is on him to plead allegations sufficient to establish a prima facie case for jurisdiction over Level 3 and TMG. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

### 2. Relation back under Rule 15(c).

The Court will recommend that the district judge deny Davis's motion to have his amendments relate back to the filing of his original complaint. Under Rule 15(c), an amendment can relate back to the date of a timely filed original pleading. FED. R. CIV. P. 15(c). If the amendment relates back, then the amendment itself is deemed timely even if it was made outside the applicable statute of limitation. *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538, 541 (2010). For an amendment to relate back, the plaintiff must establish, in relevant part, that the amendment changes "the party or the naming of the party against whom a claim is asserted" and that the party brought in by amendment received notice of the action within the period allowed for service under Rule 4(m). FED. R. CIV. P. 15(c); *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982).

Davis seeks to add both Level 3 and TMG on a relation-back basis under Rule 15(c). (ECF No. 73 at 6; ECF No. 81 at 2.) A relation back amendment is permitted, Davis argues, because both Level 3 and TMG have been served with process and they, consequently, had early notice of Davis's potential claims against them. (ECF No. 73 at 10.)

The Court disagrees. Davis's proposed amendments cannot relate back because he does not seek to "change[] the party or the naming of the party against whom" he asserts his claims. *See* Fed. R. Civ. P. 15(c)(1)(C). Nor does Davis seek to substitute Level 3 and TMG for different defendants. Instead, Davis seeks to **add** Level 3 and TMG as defendants. These amendments, therefore, do not come within Rule 15(c)'s plain language because Davis does not seek to redirect his claims from one defendant to another. *See Telesaurus VPC, LLC v. Power*, No. CV 07-01311-PHX-NVW, 2011 WL 5024239, at *4–5 (D. Ariz. Oct. 21. 2011) (explaining that "the 'change' described in Rule 15(c) refers to a substitution, not an addition.").[5] Accordingly, the Court will recommend that the district judge deny Davis's motion to relate his inclusion of Level 3 and TMG back to the filing of his original complaint.

/ / /

/ / /

/ / /

---

[5] The Court notes that there is a split of authority regarding whether Rule 15(c) permits relation back when the plaintiff seeks to add, rather than substitute, a party. *Compare Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations."), *and Simmons v. Fenton*, 480 F.2d 133, 137 (7th Cir. 1973) ("a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run."), *with Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1193 (3d Cir. 1994) ("this Circuit has interpreted Rule 15(c) to allow for the *addition* of a new party."), *and Gabriel v. Kent General Hosp. Inc.*, 95 F.R.D. 391, 394 (D. Del. 1982) ("Rule 15(c) authorizes relation back in situations in which a new party is substituted or added"). There is no controlling authority in our circuit. However, the Court agrees with Judge Wake's extensive analysis of Rule 15(c)'s text and history and finds that an amendment adding a new party does not relate back under Rule 15(c). *See Telesaurus*, 2011 WL 502439 at *2–7.

**IV.    Conclusion.**

IT IS THEREFORE RECOMMENDED that the district judge DENY in part Davis's motion to file a proposed SAC.

IT IS RECOMMENDED that the district judge DENY with prejudice Davis's motion to the extent that he seeks to amend his claims against Unitel, Somos, and CenturyLink.

IT IS HEREBY ORDERED that Davis's motion is GRANTED to the extent that he seeks to add Level 3 and TMG as defendants to this action.

IT IS RECOMMENDED that the district judge DENY Davis's motion to have his proposed amendments relate back to the filing of his original complaint.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 24, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE